DECISION
This matter is before the court on its own motion to dismiss.
 I. STATEMENT OF FACTS
Plaintiffs filed their Complaint challenging Defendant's Notice of Refund Allocation issued December 6, 2007, for tax year 2006, and "Future withholdings." In its Answer filed March 11, 2008, Defendant stated that it would "forward plaintiff's request to appropriate staff and they will proceed with the apportionment process."
In a letter dated March 27, 2008, Defendant's representative, Beth Buck (Buck), wrote that "Plaintiffs can request an apportionment of their 2007 taxes from the Department of Revenue within 30 days of receiving the Notice of Proposed Adjustment and/or Distribution." In her letter dated April 7, 2008, Buck wrote that Plaintiff, Naleeni Kumar, requested apportionment and her requests had been processed. Buck stated that approximately all of Plaintiffs' 2006 income tax kicker refund "was used to pay a debt owed by Raj Kumar" and that "Naleeni Kumar's portion of the 2006 kicker refund is under $1.00" and cannot be refunded. For tax year 2006, Defendant issued a Notice of *Page 2 
Proposed Adjustment and/or Distribution on April 11, 2007. Defendant "used" all but $2.00 of Plaintiffs' "proposed refund * * * to pay a debt owed by Raj Kumar." Defendant issued a refund check in the amount of $2.00 to Naleeni Kumar.
On April 9, 2008, Plaintiffs and Buck participated in a telephone case management conference. During that conference, Plaintiff Raj Kumar acknowledged that he owed child support to his ex-wife, who has custody of his children. Raj Kumar explained that he needs the money taken to pay those debts to support his wife and new baby. Buck explained that he should contact the Division of Child Support to request that a portion of the refund taken be returned to him.
On April 10, 2008, Buck sent Plaintiffs a copy of Oregon Revised Statute (ORS) 293.250 which authorizes the Oregon Department of Revenue's Collections Unit to assist other state agencies and organizations in collecting delinquent accounts. Buck wrote that "[t]he Department of Justice — Division of Child Support has established a Constituent Desk to assist with question and concerns such as yours." (Buck Ltr, Apr 10, 2008.) She provided Constituent Desk contact information.
During the April 9, 2008, telephone case management conference, the court explained to Plaintiffs that it does not have the authority to grant the discretionary relief Plaintiffs are seeking. Plaintiffs were encouraged to direct their request for a refund of a portion of their income tax refund to the Division of Child Support. *Page 3 
 II. CONCLUSION
Because there is no issue before the court that it has jurisdiction to resolve, Plaintiffs' appeal must be dismissed. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed.
Dated this _____ day of June 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Presiding Jill A. Tanner onJune 4, 2008. The Court filed and entered this document on June 4,2008. *Page 1